IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVONNE WEAVER<br>1208 Astor Street<br>Norristown, PA 19401 | : <br>: <br>: <br>: | CIVIL ACTION |
| Plaintiff, | : <br>: | No.: |
| v. | : <br>: <br>: | **JURY TRIAL DEMANDED** |
| LANKENAU MEDICAL CENTER<br>100 E. Lancaster Avenue<br>Wynnewood, PA 19096<br>      and<br>MAIN LINE HOSPITAL, INC.<br>240 Radnor Chester Road<br>Radnor, PA 19087 | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: | |
| Defendants. | : <br>: <br>: | |

## CIVIL ACTION COMPLAINT

Plaintiff, Yvonne Weaver ("Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.      INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Defendants of the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), Pennsylvania common law, and the Pennsylvania Human Relations Commission ("PHRA").[1] Plaintiff was unlawfully terminated

---

[1] Plaintiff recognizes that one (1) full year has not elapsed from the dual filing of her EEOC Charge with the Pennsylvania Human Relations Commission ("PHRA"). Unless Defendants waive administrative exhaustion (as is common for expediency) under the PHRA, Plaintiff identifies within the Introduction Section *for notice purpose only* that she will amend her instant lawsuit to include claims under the PHRA. Such claims would mirror identically her federal claims already pursued herein. PHRA claims are omitted from a Count section for the time being for this reason.

from her employment by Defendants and she suffered damages more fully described/sought herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants' residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under ADA and the ADEA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Lankenau Medical Center is a hospital located at the above-referenced address.

9.      Main Line Hospital, Inc. is a health system headquartered at the above-referenced address which operates several hospitals, including Lankenau Medical Center where Plaintiff worked.

10.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership of financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.      At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV.      FACTUAL BACKGROUND

12.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.      Plaintiff, a 58 year old women, was hired by Defendants on or about May 12, 2022 as a Lab Assistant working at Lankenau Hospital.

14.      Plaintiff was employed with Defendants for more than 3.5 years until she was terminated effectively on or about January 26, 2026.

15.      Some of the relevant management within Plaintiff's location, department or business setting included but was not limited to: (1) Kevin (last name unknown) – Lead; (2) Kelly McPherson - Supervisor; (3) Derek (last name unknown) – Manager; and (4) Rowenna Burrows – Director.

16.     Plaintiff typically worked on a 3 – 11 PM shift a few times per week and certain weekends, and there were normally between 7 to 9 coworkers (lab employees) on Plaintiff's shift.

17.     On or about June 3, 2025, Plaintiff fell and suffered work-related injuries which resulted in a workers' compensation claim.

18.     Plaintiff suffers from ongoing physical health problems, including issues relating to her leg, back, neck and shoulder, which have required a long-term course of medical treatment.

19.     These medical conditions at times limit Plaintiff's ability to perform some daily life activities, including but not limited to walking, running, bending, lifting, standing, working, and performing manual tasks.

20.     As a result of her disabilities and related limitations, Plaintiff had various medical accommodation needs during the second half of 2025, including but not limited to medical needs to move around after periods of sitting and to leave early at times.

21.     Unfortunately, McPhereson was very antagonistic towards Plaintiff because of her injury and health, at times requiring her to present medical documentation and other times expressing annoyance with Plaintiff either leaving a little early or repositioning herself due to her medical problems.

22.     The tone and demeanor towards Plaintiff by management had also changed, in contrast to the way Plaintiff's nondisabled younger coworkers were treated.

23.     On or about January 26, 2026, Plaintiff was then terminated from her employment and informed by Defendants' management that she was terminated for acting inappropriately

4

towards a coworker named Badia[2] and for being involved in an altercation in the workplace with Badia.

24.     However, Plaintiff's termination was completely pretextual and disparate towards Plaintiff in comparison to her younger and nondisabled coworkers.

25.     There was a substantial and noticeable preference towards treating younger and nondisabled coworkers more favorably within Plaintiff's department.

26.     Plaintiff was a hardworking employee within Defendants and had no prior discipline for years working at Defendants.

27.     With regard to her interaction with Badia, Plaintiff had done nothing wrong, as she is a calm and low-tone speaking individual, and she did not yell or engage in any other inappropriate conduct that would warrant her termination.

28.     In contrast, however, it is well known that the lab department within Defendants is an extremely poorly run department and the subject of near daily conflict amongst workers therein. To provide examples which will be supported by witness corroboration, such conflict included:

    a.  In the incident that resulted in Plaintiff's termination, Badia yelled at Plaintiff and then she yelled at Kevin (the lead). Plaintiff had registered her own concerns of how Badia mistreated her in the interaction, thinking she would – at a minimum – be counseled (and yet, Plaintiff was terminated).

    b.  Badia is continually loud, aggressive, and she harassed numerous employees resulting in <u>many</u> complaints about her.

---

[2] As with many of the names of Plaintiff's coworkers in this Complaint, this is spelled phonetically and the last name is unknown. It is expected that the same will be learned in discovery.

c. Prior to Plaintiff's termination, Badia had significant altercations with employees such as Jenelle, Bryan Lynn, Tanya Webb, and Amina (among others).

d. Prior to Plaintiff's termination, a coworker named Tasha lodged complaints about Badia to human resources personnel due to fabricated or defamatory statements perpetuated by Badia.

e. Badia, for a long period of time, participated in departmental time theft. She was punching in and out employees such as Justin when such staff was not working, even for many hours per shift. This was reported to human resources and management, but nothing meaningful was done.

f. Badia made very serious lab-related mistakes, and she was not terminated.

g. Badia bragged at times that she was having sex with management, Derek. She bragged that Derek was buying her lingerie, giving her extra compensation, and showing other favoritism. Melissa Payne (a former coworker) had to change her shift due to sexual harassment by Derek. Liz Lane (a former coworker) expressed concerns that Derek was being invasive romantically asking her personal questions. And Vanessa (a former coworker) was telling people she was having sexual relations with Derek. Derek threatened to shoot the lab up (as a form of violence) if he loses his job.

29. These are just *some* examples about two individuals, 1 non-supervisory, and 1 supervisory, that Defendants have working in the lab, yet Plaintiff was terminated for supposedly being involved in an altercation with Badia.

30. To provide greater context, there is yelling and aggression in the lab area(s) weekly. By way of additional examples:

a.  Tamika and Irene (coworkers) had a loud altercation.

b.  Tamika, Alyssa and Vanessa had a very loud altercation (separate from that with Irene); and

c.  Lucia and Luther had a significant altercation. Some of these individuals had to be separated to avoid escalating physically.

31.  Plaintiff and witnesses will provide countless examples of the extreme unprofessionalism, cursing, yelling, and disturbing work environment Plaintiff and others endured on a weekly basis.

32.  Plaintiff was shocked when she was informed that she was being terminated after being treated so abusively and nastily by Badia, who had done so with so many, is a known thief, and who has a reputation for blatant dishonesty.

33.  Plaintiff was one of the oldest people in the department, was treated far differently than younger nondisabled employees who had not filed workers' compensation claims, was terminated in close proximity to her health and worker's compensation disclosures, and for a rationale that was not enforced against many in Plaintiff's department and work area(s).

34.  Therefore, Plaintiff believes and avers that she was terminated because of her disabilities, workers' compensation claim, her age, and in retaliation for requesting and utilizing accommodations in violation of the ADA, ADEA, and Pennsylvania Common Law.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; and [2] Retaliation)**

35.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7

36.     Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities, as outlined above.

37.     Plaintiff kept Defendant's management informed of her serious medical conditions and need for medical treatment and other accommodations.

38.     Plaintiff requested reasonable accommodations from Defendants, was subjected to animosity and terminated for entirely pretextual reasons, as outlined *supra*.

39.     Plaintiff believes and therefore avers that (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) her requested accommodations were motivating/determinative factors in the termination of her employment with Defendants.

40.     These actions as aforesaid constitute discrimination and retaliation violations of the ADA, as amended.

## Second Cause of Action
## <u>Violations of the Age Discrimination in Employment Act ("ADEA")</u>
### (Age Discrimination)

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     Defendants treat Plaintiff in a manner disparate from younger employees and was then terminated for entirely pretextual reasons.

43.     A determinative factor in Plaintiff's termination was her age, in violation of the ADEA.

## Third Cause of Action
## <u>Common-Law Wrongful Discharge</u>
### (Public Policy Violation)

44.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.     Upon information and belief, Plaintiff was terminated in substantial part for making claims for worker's compensation benefits and/or seeking worker's compensation benefits and/or for her work-related injuries (as discussed *supra*).

46.     It is against Pennsylvania's public policy for an employee to be terminated for making worker's compensation claims and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania.  *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

47.     The temporal proximity and retaliatory animus between Plaintiff's claims for worker's compensation and her termination, and the disparate treatment between Plaintiff and those who did not suffer from work related injuries, creates an inference that her termination was in retaliation for making such claims.  These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination or retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, pension or other benefits.

C.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.      Plaintiff is to be awarded liquidated and/or punitive damages for Defendants' malicious and reckless conduct as outlined in this lawsuit;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G.      Plaintiff is to receive a trial by jury as set forth in the caption of this lawsuit.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq.
Timothy S. Seiler, Esq.
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801

Dated:  May 26, 2026

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Yvonne Weaver | : | CIVIL ACTION |
| v. | : | |
| Lankenau Medical Center, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| 5/26/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

***RELATED CASE IF ANY:***  Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WEAVER, YVONNE

**DEFENDANTS**

LANKENAU MEDICAL CENTER, ET AL.

**(b)** County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Pharmaceutical | | | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / [ ] 368 Asbestos Personal | | [ ] 835 Patent – Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine / Injury Product | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| | [ ] 345 Marine Product Liability | | [ ] 880 Defend Trade Secrets Act of 2016 | |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability / **PERSONAL PROPERTY** | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | Product Liability / [ ] 380 Other Personal | Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | [ ] 360 Other Personal / Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | Exchange |
| | Injury / [ ] 385 Property Damage | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | [ ] 362 Personal Injury - Product Liability | Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | Medical Malpractice | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate | | [ ] 871 IRS—Third Party | Act/Review or Appeal of |
| [ ] 240 Torts to Land | [ ] 443 Housing/ / Sentence | | 26 USC 7609 | Agency Decision |
| [ ] 245 Tort Product Liability | Accommodations / [ ] 530 General | | | [ ] 950 Constitutionality of |
| [ ] 290 All Other Real Property | [X] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | | State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, ADEA, Pennsylvania Common Law and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  5/26/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____